Whitlock, J.
It seems to me she has an estate for life by the first words, and the last words give her a power to dispose of the reversion. I give to my wife, to dispose at her will and pleasure, constitutes a fee simple. Bracton devise 38. 39. But here by the copulation of the last clause, his intention appears to be, that she shall give it to one of his sons. But this shall not be understood of the estate given to the wife, but of the reversion. Therefore, in this case, they shall have an estate for life with power to dispose of the reversion. To dispose goes to the order of the gift, Et cujus est dare, ejus est disponere, viz. whether it shall be conditionally or absolutely. Dispositio est collatio rerum in ordine. 28 H. 8. Dyer 26. Cestui que use devised that I. S. should have gubernationem puerorum and ordering of the land: he gave him no interest. Paget and Bremish's case. 41 El. One devised that the overseers of his will *136 should have the letting and selling of the land, during the minority of his son; this was a trust and an authority, but no interest; therefore they could not make a lease to try the title. Henden, Serjeant, has cited a case, T. 43 El. B. R. On the general ground, that the intention of the will shall be taken. It is like an act of Parliament, the devisor is said to be the legislator, the devise the law, and the Judges the expositors. Here the intention of the will was that she should have an estate for life; and the second clause gave her a power to *give the reversion to any of the sons.
Jones, J.
The wife shall have an estate absolute, with power to dispose of the reversion, to any of the sons she pleases. True is the rule that the intention of the testator shall be followed, but it admits of three exceptions. 1. Such an estate ought to be created as the testator could have given in his life time. 2. The intention ought to appear in the will; it shall not be taken by averment out of it. 5 Rep. Cheney’s case. 3. The intention ought to lean more one way than the other. For if it stands even, the rule of conveyance shall govern. 22 E. 3.
One devises to his wife and a stranger; it is only an estate for life: for no particular estate is expressed. 28 El. Parcener devises her part, without saying to him and his heirs: the case was argued both by the bar and the bench; and it was resolved, that the devisee had only an estate for life: because it does not clearly appear that more was intended; although it was objected that she had devised her part. I was present when it was so adjudged in the case of Dixon and Marsh. A man devised to his two sons equally to be divided between them: and it was ruled that the youngest son had not a fee by this devise. Yet it was objected that the eldest son has a fee by descent, and if the younger son has not a fee, there shall be no equal division. Yet it was ruled differently. It was also objected there that if he took only an estate for life, the estate of the eldest son will be drowned in the descent, yet as in the will the intention did not appear clearly that the youngest should have more than an estate for life, the rules of the common law ought to be pursued. If the will contained no other words but these: I give to my wife, to dispose at her will and pleasure, she shall have only an estate for life: but if he had said I give, &c. to sell at her will and pleasure, she should have had a fee; because it must be understood such an *137 estate as would enable her to sell: but to dispose relates only to the profits of the land. Afterwards the testator goes on and says: and to give to which of my sons she pleases: this shall not refer to the estate for life; because she has power to dispose of it at her will and pleasure; it must then relate to the reversion. It is as if he had said: I give it to my wife for life, to dispose at her will and pleasure, and to give it to any one of my sons. Townsend and Hall. M. 38. 39 El. rot. 1247. Where one *devised that his executors should dispose of his lands, while he had only a reversion. It was ruled they might dispose of the reversion, under the word lands. So in this case, under the ward house, shall be understood the reversion of the house.
Doderidge, J.
I hold that the wife has a fee simple, joined to a power to alien to one of the sons. Of all conveyances, wills ought to be construed most strongly according to the intention of the maker. 1. Ex etymologia et vi termini testament, quasi testatio mentis. Thereupon it has been ingeniously observed, that in all legal words ending in ment, the mind and intention shall be closely attended to as Parliament, Testament, Arbitrament, &c. 2. Bracton says that a will is donatio causa mortis et est define, justa sententia voluntatis nostræ de eo quod quis post mortem suam-de rebus suis fieri voluit, et de mortuis nil nini bonum. 3. Because then one is disabled: et suprema voluntas, quod mandat fierique jubet, parere necesse est. 4. Because then one is inops consilii, and the law supplies this and becomes his counsel. And Bracton says Nihil tam conveniens naturali equitati quam voluntatem donantis rem suam ratum habere. But yet this rule is not so general as not to admit of some exceptions. Therefore if the intention be repugnant to the rules of law it is void. 1 Rep. 85. Corbet’s case. A man devised to I. S. and his heirs. I. S. died during the life of the devisee: the devise is void. For the word heirs is a word of limitation and not of purchase: and although his intention was that the heir should have it, he shall not. 2. A will may be void, for its uncertainty. 5 Rep. 64. 3. The intention shall be taken out of the words in the will, and not by external averment. Cheney’s case. 5 Rep. In this case, the word dispose is synonimous with the word ordain: as in 28 H. 8. 26. 1 R. 3. 27. H. 8. The feoffees to use shall have the dominium, and the cestuique use the disposition. 4 E. 2. F. West. 11. 17 E. 3. 7. Lease for life, with a grant to do for the best advantage, the lessee cannot commit *138 waste. But in this case, words of interest are added. I give to my wife to dispose, hereby an interest passes, and if the will ended there, she should have an absolute fee to her own use. But the second clause corrects the first, so that she will have a fee, but with power to alien to one of the sons. For this is the clearest way of maintaining the will. It shall not be said that this is intended of the reversion. *4. The words of the will import this. Here it cannot be a condition and there are no words of restraint. A condition is a clause inserted in a conveyance, by which the party is bound to do something under the penalty of losing or increasing an estate. Here it is not compulsory, for it is to be done at her pleasure. She has both an interest and an authority, as in the case of a devise to an executor to sell. But if the devise is that the executor shall sell, he has only an authority. But if it is devised that the executor shall levy a fine to I. S. he has also an interest; for none can levy a fine unless he has an interest. 16 H. 6. The vendee under such an authority of the executor is in under the testator, and shall avoid all grants, fines and feoffments of the heir, and shall enter, notwithstanding a descent suffered by the heir. 9 H. 6. 25. 11 H. 6. 12. 21 E. 4. 24. Yet, admitting that it is a condition, it is well performed by the wife.
All the court agreed that it was.
Whitlock, J. If it is hæreditas it is not pura but fides commissar. And here when the sale is made, the vendee or feoffee, is in under the testator. 34 E. 3. F. Cui in vita 19. 10 H. 7. 20.
Jones, J. If it be an authority only in the wife, none will deny that she may exert it notwithstanding the coverture, and if it is a condition annexed to the fee, the coverture does not disable her from performing it. The reason why an infant and a feme covert are disabled from making a feoffment, is because the one has not the power and the other has not the discretion. Goldswell’s case, or Brickvell's case. One devised lands in tail, remainder in fee, on condition that the tenant in tail should grant a rent; and it was adjudged that the remainder-man should be charged with the rent, at the determination of the estate tail. 23 E. 3. 11 H. 7.
Doderidge, J. A feme covert may make a feoffment, in two cases, to the prejudice of her husband. 1. When she does it in pursuance of an authority. 1. Or in compliance with a condition. And in both cases, the feoffment is good. *139 The wife may give livery to her husband, as attorney, and e converso. 18 E. 4. 11. A feme sole made a feoffment to the use of herself and her heirs, and took husband; and on her death-bed, called the feoffees and told them her will was, that they should enfeoff her husband; and died. The husband sued the feoffees by subpœna, but was denied. For in law, a feme covert cannot make a will, and in conscience, (equity) the heir ought not to be disinherited, as is argued in all the books. A wife shall in no case have any thing done to her advantage. 45 E. 3. 11. 31 E. 1. Voucher 289. Husband and wife were enfeoffed until marriage, and enfeoffed the feoffor of other lands in return; she shall be barred of her dower. The wife may well perform either a condition or an authority, and so she has done here.
Crew, C. J.
It is power, and as such may well be performed by the wife. A feoffment and livery ensuing as a feoffment would be void. But here it ensues as a nomination, or appointment, and she may give part or the whole of the estate. Lady Russel’s case, was this: she was seized of sundry lands and manors, and suffered a recovery with power reserved to her (being covert) to dispose of any of the manors, and she made a disposition during the coverture. In the time of Queen Elizabeth, Butler levied a fine to the use of himself, remainder in fee, to Lord Leicester, with power to give part of it to his wife; which be accordingly did: and it was held well. I no not conceive, like my brother Doderidge, that where one devises that his executor shall levy a fine, &c. this gives him a fee. 34 E. 3. Cui in vita 19. It seems to me that the wife has not a conditional estate, and then it may be objected that she is disabled by the coverture. But I do not deliver an opinion how it would be if it was a condition. But admitting the feoffment and deed to be void, still they will serve to lead the uses of the fine levied by the wife; and in this case she might, by the authority given to her, give the estate to one of the sons by will in extremes.
Jones, J. If the youngest son had bad possession, and then the feme covert had levied a fine to him, before the entry of the husband and wife, and those claiming under them, the husband could not enter to avoid the fine. But this point did not come in question here.
Et ex assensu totius curiæ, Crew, C. J. gave judgment quod quær. nil capiat, &c. They all agreeing that the wife had a power, and that she could, notwithstanding the coverture, *140 execute it; and that the son was not in by the fine, but by the devise. Antea, p. 9 and 39. Jones 137. Noy 80. Bendl. 178. 1 Roll. 329. 2 Cr. 336. 1 Cr. 638, 734. Mo. 594. Golds. 182. 2 And. 59. Ro. 151. Poph. 131.